# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MIDAS GREEN TECHNOLOGIES, LLC,** *Plaintiff* | § § § § § | |
| **v.** | § | **No. 1:23-CV-159-DAE** |
| **EDGE DATA SOLUTIONS, INC.,** *Defendant* | § § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE DAVID ALAN EZRA
        SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is plaintiff Midas Green Technologies' ("Midas") motion for default judgment. Dkt. 46. Having reviewed the motion, supporting documentation, and applicable law, the undersigned recommends that the District Judge grant Midas's motion.

## I.    BACKGROUND

Midas, a Texas-based technology company, initiated this lawsuit against defendant Edge Data Solutions, Inc. ("EDSI"), a Georgia-based software company, to enforce EDSI's contractual obligation to pay for the delivery of goods under the parties' agreement. Dkt. 4, at 3.[1] Midas produced, shipped, and delivered 180 cooling tanks and related equipment to EDSI, performing its obligations under the

---

[1] The Court may exercise subject-matter jurisdiction over this case because all parties are diverse, and the amount-in-controversy has been met. Dkt. 4, at 1-2; 28 U.S.C. § 1332(a).

agreement. *Id*. Upon Midas's performance under the contract, EDSI became obligated to pay the agreed price for the goods delivered. Despite Midas's demand for payment, EDSI has failed and refused to pay the amount owed. *Id.*

Midas filed this lawsuit asserting claims for breach of contract and seeking recovery of the amount owed under the parties' agreement. *Id*. EDSI did not answer or otherwise appear, and the Clerk of Court entered default against EDSI. Dkts. 12; 46. On July 31, 2023, the Court entered Final Judgment. Dkts. 15; 46. After retaining counsel, EDSI successfully moved to set aside the default judgment and subsequently filed an answer and counterclaim. Dkts. 16; 19; 21; 46. Midas then moved to strike and dismiss the counterclaim, which the Court granted in part while allowing EDSI leave to amend. Dkts. 23; 28; 46. EDSI failed to amend its pleading and its counsel filed a motion to withdraw, which was granted. Dkts. 29; 30; 46. EDSI further failed to respond to Midas's discovery requests, comply with the Court's discovery order, respond to Midas's motion for summary judgment, or appear at a court-ordered status conference. Dkts. 34-38; 46. The Clerk again entered default against EDSI on December 22, 2025, due to its failure to prosecute its counterclaim and defend against Midas's claims. Dkts. 45; 46. Here, Midas moves for default judgment on its claim for breach of the agreement. Dkt. 46, at 1. In its motion for default judgment, Midas asks the Court for monetary damages in the amount of $614,233.83, plus reasonable attorneys' fees and costs recoverable under Texas law. *Id*. at 3.

2

## II.    LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering Midas's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether Midas's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, Midas should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

## III.    DISCUSSION

### A.    Default judgment is procedurally warranted.

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a

3

good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering default judgment against EDSI. Because EDSI has defaulted, there are no material facts in dispute. See *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). EDSI's failure to comply with court orders has ground the adversary process to a halt, prejudicing Midas's interest in pursuing its claims for relief. Dkts. 33; 34; 41; *see also J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: EDSI was properly served, defaulted by failing to comply with multiple court orders, and the Clerk entered EDSI's default. Dkts. 7; 33; 34; 41; 45; 46, at 2; Fed. R. Civ. P. 55(a). Furthermore, the Court has previously found that EDSI's default was not caused by a good-faith mistake or excusable neglect. Dkts. 16; 19; 21; 46.[2] The undersigned therefore finds that default judgment is procedurally warranted.

---

[2] The Court previously entered Final Judgment against EDSI after EDSI failed to answer or otherwise appear. Dkts. 12; 15. Based on the same reasons explained in the undersigned's recommendation on the prior motion to set aside the entry of default, Dkt. 19, the undersigned recommends that the District Judge find that EDSI's current default was not the product of a good-faith mistake or excusable neglect. Dkt. 46.

### B.    Midas's complaint is sufficient to establish its right to relief.

Default judgment is proper only if the well-pleaded factual allegations in Midas's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a plaintiff "admits a defendant's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, Midas moved for default judgment on its claim against EDSI for breach of the parties' agreement. Dkts. 4, at 3; 46, at 1-3.

"The elements of a breach of contract action under Texas law are: '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Certain Underwriters at Lloyd's of London v. Lowen Valley*

*View, LLC*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)). Here, Midas alleges the existence of a valid contract for the sale of 180 cooling tanks and related equipment, its tendered performance under the contract, EDSI's breach through its failure to pay, and damages resulting from that breach. Dkt. 4, at 2-3. Midas also attached to its complaint evidence confirming the existence of the sale agreement, Midas's compliance with the contract, EDSI's material breach of the contract in failing to pay, and the damages incurred by Midas due to EDSI's breaches. *Id.* at 5-16. Midas's factual allegations and the record before the undersigned are sufficient to raise its right to relief above a speculative level as to its breach-of-contract claim against EDSI. *Wooten*, 788 F.3d at 498.

## C.    Midas is entitled to monetary damages, attorneys' fees, and prejudgment and post-judgment interest.

Federal Rule of Civil Procedure 54(c) states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment." *United States v. Giles*, 538 F. Supp. 2d 990, 994 (W.D. Tex. 2008) (internal quotation marks omitted). A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). In its motion, Midas seeks a monetary award in the amount due under the agreement, attorneys' fees and costs, as well as prejudgment and post-judgment interest against EDSI. Dkt. 12, at 5.

1.      Midas is entitled to actual damages under the agreement.

Midas requests damages in the amount of $614,233.83 due under the agreement for performance rendered. Dkts. 4, at 4-16; 46, at 3. Texas law governs the award of damages on Midas's breach-of-contract claim based on the breach of the agreement. Dkt. 4, at 12; *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 278 (5th Cir. 2009) (applying Texas law to the issue of what damages were owed in a breach-of-contract case after applying Texas law to the substantive claims). Under Texas law, "the 'normal measure of damages in a breach of contract case is the benefit-of-the-bargain measure.'" *Elsas v. Yakkassippi, LLC*, 746 F. App'x 344, 348 (5th Cir. 2018) (quoting *Mays v. Pierce*, 203 S.W.3d 564, 577 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)). In other words, a "nonbreaching party is generally entitled to all actual damages necessary to put it in the same economic position in which it would have been had the contract not been breached." *CQ*, 565 F.3d at 278 (quoting *Abraxas Petrol. Corp. v. Hornburg*, 20 S.W.3d 741, 760 (Tex. App.—El Paso 2000, no pet.)).

Midas presented evidence that it suffered a loss of $614,233.83 due to EDSI's breach of the agreement. Dkts. 4, at 3, 16; 46 at 2-4. Thus an award of damages in that amount would put Midas back in the same position it would have been in absent EDSI's breach of the agreement. *See CQ*, 565 F.3d at 278. The undersigned recommends that the District Judge grant Midas's requested damages of $614,233.83.

2.      Midas is entitled to its requested attorneys' fees.

Midas also requests attorneys' fees for legal services performed in this matter, as well as any contingent appellate fees. Dkts. 4, at 4; 46, at 3. Texas law provides

7

that a prevailing party[3] "may recover reasonable attorney's fees… in addition to the amount of a valid claim and costs, if the claim is for… (8) an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(b). Texas law also presumes that "the usual and customary attorney's fees for a [contract claim] are reasonable." *Id.* § 38.003. Midas moved for attorneys' fees under the Texas Civil Practice and Remedies Code. Dkts. 4, at 4; 46, at 3.

The undersigned recommends that the District Judge award Midas attorneys' fees in this case. Midas asks the Court to award $43,285.00 in attorneys' fees as well as contingent appellate fees of $25,000.00. Dkt. 46, at 5-6. Counsel for Midas submitted a declaration averring that the rates charged were reasonable for the services provided and calculating the total lodestar[4] amount based on each attorney's typical rate. *Id.* at 4. Midas also presented evidence supporting the reasonableness of fees for enforcing this judgment and the need for contingent fees for litigating any potential appeal. *See id.* at 4, 7; *see also Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020) (stating that contingent appellate fees may be awarded based on "opinion testimony about the services it reasonably believes will be necessary to

---

[3] "A plaintiff in a contract breach case must recover damages or obtain some other affirmative relief in order to be considered a 'prevailing party' for purposes of an attorney's fee award." *Versata Software, Inc. v. Internet Brands, Inc.*, 902 F. Supp. 2d 841, 865 (E.D. Tex. 2012) (listing cases). If the District Judge awards damages as the undersigned recommends, Midas will be a prevailing party for the purpose of awarding attorneys' fees.

[4] The Supreme Court has held that the lodestar is "the most useful starting point for determining the amount of a reasonable fee[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Modifications to the lodestar figure are permissible only in "rare and exceptional cases." *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (internal quotations omitted). The undersigned finds no exceptional circumstances warranting a departure from the lodestar figure.

defend the appeal and a reasonable hourly rate for those services"). The undersigned is satisfied that the claimed amount is reasonable and recommends granting Midas $43,285.00 in fees, as well as contingent appellate fees of $25,000.00.

               3.      Midas is entitled to prejudgment and post-judgment interest.

Midas also requests prejudgment and post-judgment interest. Dkt. 4, at 4. Texas law governs the award of prejudgment interest in diversity cases. *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). While no statute governs the award of prejudgment interest for breach-of-contract cases, equitable prejudgment interest is available "as a matter of course[.]" *Matter of Okedokun*, 968 F.3d 378, 392 (5th Cir. 2020) (stating that statutory prejudgment interest applies only in cases of wrongful death, personal injury, property damage, and condemnation); *see also* Tex. Fin. Code §§ 304.102, 304.201. District courts may only exercise their discretion to forgo an award of prejudgment interest when there are "exceptional circumstances." *Matter of Okedokun*, 968 F.3d at 392. There are no exceptional circumstances that counsel against awarding prejudgment interest here. Thus, the undersigned recommends that Midas be awarded prejudgment interest at the prime rate established by the Federal Reserve from the date Midas initiated this action until the day preceding the date the District Judge enters final judgment.[5]

---

[5] *See Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 500 (5th Cir. 2002) ("Texas common law allows prejudgment interest to accrue at the same rate as postjudgment interest."); Tex. Fin. Code § 304.003(c)(2) (providing that the post-judgment interest rate is "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation"); *id.* § 304.104 (except as otherwise provided by statutes inapplicable here, "prejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written

Federal law applies to the award of post-judgment interest. *See Travelers Ins. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (citing *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 689 (5th Cir. 1989)). In particular, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Therefore, Midas should receive post-judgment interest on the entire amount of the final judgment as calculated under § 1961.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Midas's motion for default judgment, Dkt. 46. Specifically, the undersigned recommends that the District Judge enter default judgment against EDSI. The undersigned further recommends that the District Judge award Midas damages in the amount of $614,233.83, as well as prejudgment and post-judgment interest. Finally, Midas should be awarded attorneys' fees in the amount of $43,285.00, as well as contingent appellate fees in the amount of $25,000.00.

The referral of this case to the Magistrate Judge should now be canceled.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous,

---

notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered. Prejudgment interest is computed as simple interest and does not compound").

conclusive, or general objections. *See Battle v. U.S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 2, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE